**Robert GORDON, Appellant,**

v.

**Wayne SCOTT, Timothy West, and Robert Vela, Appellees.**

No. 09–99–362 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 15, 1999.

Decided Dec. 16, 1999.

Rehearing Overruled Jan. 5, 2000.

Robert Gordon, Beaumont, pro se.

Aaron J. Bennett, Asst. Atty. Gen., Austin, for appellees.

Before WALKER, C.J., BURGESS and STOVER, JJ.

1. The remaining co-defendant, Wayne Scott, apparently was never served with citation and made no appearance before the trial court. As the trial court's order contains what is known as a "Mother Hubbard" clause, the order is final for appellate purposes. *See Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex. 1993).

2. § **14.003. Dismissal of Claim**

(a) A court may dismiss a claim, either before or after service of process, if the court finds that:

(1) the allegation of poverty in the affidavit or unsworn declaration is false;

(2) the claim is frivolous or malicious; or

(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

## OPINION

BURGESS, Justice.

■ This is an appeal from an order dismissing Robert Gordon's *pro se* lawsuit against Timothy West and Robert Vela.[1] Gordon is an inmate in the Texas Department of Criminal Justice—Institutional Division. West was the senior warden at the prison unit where Gordon was confined and Vela was a guard at that unit. The facts as set out in the various grievance forms submitted by Gordon as well as in his petition to the trial court indicate that, during a routine search of Gordon's cell, Vela knocked a typewriter owned by Gordon to the floor causing it to be damaged. Gordon requested that the prison authorities repair, replace, or reimburse him for the damaged typewriter. Warden West's response was as follows: "Under A.D. 03.78, the state is not liable for the repair or replacement of the typewriter due to it being knocked off unintentionally during the course of a reasonable cell search. GRIEVANCE DENIED."

After exhausting his administrative remedies, Gordon filed his lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-14.014 (Vernon Supp.1999). West and Vela filed a motion to dismiss and the trial court granted the motion without an evidentiary hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a) & (c) (Vernon Supp.1999).[2]

(b) In determining whether a claim is frivolous or malicious, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

(c) In determining whether Subsection (a) applies, the court may hold a hearing. The hearing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court.

(d) On the filing of a motion under Subsection (c), the court shall suspend discovery relating to the claim pending the hearing.

At the outset, we note neither party contests the alleged amount in controversy with regard to the value of the damaged typewriter to be $270. We also note that Gordon's petition additionally seeks the following:

> (39) Compensatory damages in the amount of $10,000.00 to plaintiff from all defendants.
>
> (40) Nominal damages of $10,000.00 from all defendants.
>
> (41) Punitive damages of $10,000.00 from all defendants.
>
> . . . .
>
> (44) Exemplary damages in the amount of $10,000.00 from all defendants.

Furthermore, Gordon's First Amended Petition stated his complaint was for "damages of personal property"; he alleged "Plaintiff observed officer Robert Vela turn around and knock Plaintiff's typewriter/word processor off the table top. . . ."

"Defendants actions were either intentional or in reckless disregard of plaintiff's statutory rights . . ." and "Defendants have damaged or destroyed plaintiff's typewriter /word processor of plaintiff which involves sentimental and intangible value to plaintiff due to the loss of information contained within the memory of the typewriter/word processor. . . ."

West and Vela's motion to dismiss alleges Gordon's suit is frivolous under § 14.003 [3] and argues that Gordon has no cause of action under 42 U.S.C. § 1983.[4] Their motion states: "Therefore, whenever a prisoner alleges a deprivation of his property by a TDCJ official, either intentionally or negligently, there is no cause of action under § 1983 as long as the state provides an adequate postdeprivation opportunity for redress." They then assert that Tex. Govt.Code Ann. §§ 501.007–501.008 (Vernon 1998) [5] provides such an adequate remedy.

---

(e) A court that dismisses a claim brought by a person housed in a facility operated by or under contract with the department may notify the department of the dismissal and, on the court's own motion or the motion of any party or the clerk of the court, may advise the department that a mental health evaluation of the inmate may be appropriate.

**3.** Notably, the motion does not seek dismissal under either §§ 14.004 or 14.005.

**4.** Nor does the motion allege the suit is not within the jurisdictional amount of the district court. *See Arteaga v. Jackson,* 994 S.W.2d 342 (Tex.App.—Texarkana 1999, pet. denied); *Arnold v. West Bend Co.,* 983 S.W.2d 365, 366 (Tex.App.—Houston [1st Dist.] 1998, no pet.); *but cf. Chapa v. Spivey,* 999 S.W.2d 833 (Tex.App.—Tyler 1999, no pet.).

**5.** **§ 501.007. Inmate Claims for Lost or Damaged Property**

The department may pay from the miscellaneous funds appropriated to the division claims made by inmates housed in facilities operated by the department for property lost or damaged by the division. The department shall maintain a record of all transactions made under this section and shall send a copy of that record to the state auditor at least annually. The record must show the amount of each claim paid, the identity of each claimant, and the purpose for which each claim was made. The department may not pay under this section more than $500 on a claim.

**§ 501.008. Inmate Grievance System**

(a) The department shall develop and maintain a system for the resolution of grievances by inmates housed in facilities operated by the department or under contract with the department that qualifies for certification under 42 U.S.C. Section 1997e and the department shall obtain and maintain certification under that section. A remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department or under contract with the department, other than a remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate to the department or to a facility operated under contract with the department.

(b) The grievance system must provide procedures:

(1) for an inmate to identify evidence to substantiate the inmate's claim; and

(2) for an inmate to receive all formal written responses to the inmate's grievance.

(c) A report, investigation, or supporting document prepared by the department in response to an inmate grievance is considered to have been prepared in anticipation of litigation and is confidential, privileged, and not subject to discovery by the inmate in a claim

■ Because the trial judge held no hearing on the motion to dismiss, he may not dismiss Gordon's causes of action on the ground that they had no arguable basis in *fact*. *See Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex.App.—Houston [1st Dist.] 1998, no pet.). Thus, the issue before us is whether the trial court properly determined there was no arguable basis in *law* for the suit. *Id.* To determine whether the trial court properly decided there was no arguable basis in law for appellant's suit, we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Id.* In considering the record before us, we review and evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. *See Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex.App.—Houston [1st Dist.] 1993, writ denied). In reviewing this dismissal, we are bound to take as true the allegations in appellant's original petition. *See Harrison v. Texas Dept. of Criminal Justice—Institutional Div.*, 915 S.W.2d 882, 888 (Tex.App.—Houston [1st Dist.] 1995, no writ).

■ Gordon's suit is a claim for damages to his typewriter and compensatory and punitive damages. This is an ordinary tort claim. Gordon's suit also includes a claim under 42 U.S.C.A. § 1983. Section 1983 provides a remedy when any "person" acting under color of state law deprives another of rights, privileges, or immunities protected by the U.S. Constitution or laws. *See Thomas v. Collins*, 960 S.W.2d 106, 109 (Tex.App.—Houston [1st Dist.] 1997, writ denied). Neither a state nor its officials acting in their official capacities are "persons" under § 1983. *See Harrison*, 915 S.W.2d at 889. Therefore, West and Vela are not proper parties to Gordon's § 1983 claim in their official capacities. However, a § 1983 action will lie against West and Vela in their personal or individual capacities. *Id.*

■ West and Vela assert that, to the extent they are sued in their individual capacities, they are entitled to official or qualified immunity. Qualified immunity describes an affirmative defense for governmental employees sued in their individual capacities. *See Harrison*, 915 S.W.2d at 888. "The elements of the defense are: (1) performance of a discretionary function; (2) in good faith; and (3) within the scope of the employee's authority." *Id.* (citing *Kassen v. Hatley*, 887 S.W.2d 4, 9 (Tex.1994)). Given the allegations in Gordon's petition, which we are bound to take as true in reviewing this dismissal, and the lack of evidence proving that West and Vela performed a discretionary function in good faith within their authority, we cannot conclude, without more, that their defense requires a dismissal.

■ As to West's and Vela's assertion that Tex. Govt.Code Ann. §§ 501.007–501.008 provides an adequate remedy, therefore Gordon's claim had no arguable

arising out of the same operative facts as are alleged in the grievance.

  (d) An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until:

    (1) the inmate receives a written decision issued by the highest authority provided for in the grievance system; or

    (2) if the inmate has not received a written decision described by Subdivision

  (1), the 180th day after the date the grievance is filed.

  (e) The limitations period applicable to a claim arising out of the same operative facts as a claim for which the grievance system provides the exclusive remedy:

    (1) is suspended on the filing of the grievance; and

    (2) remains suspended until the earlier of the following dates:

      (A) the 180th day after the date the grievance is filed; or

      (B) the date the inmate receives the written decision described by Subsection (d)(1).

  (f) This section does not affect any immunity from a claim for damages that otherwise exists for the state, the department, or an employee of the department.

basis in law, we disagree. *But see Aguilar v. Chastain*, 923 S.W.2d 740, 743–44 (Tex.App.—Tyler 1996, writ denied). Clearly, the legislature foresaw that inmates would seek redress in the courts because § 501.008(d) is the requirement to exhaust the grievance procedures before initiating suit. While no § 1983 claim exists for negligent damage to property, *Daniels v. Williams*, 474 U.S. 327, 331–34, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), claims for intentional or reckless destruction of property are actionable under § 1983. Furthermore, a common law/statutory scheme exists for negligent, intentional or reckless destruction of property.

The trial court properly dismissed any claims against West and Vela in their *official* capacities. To that extent, the judgment is affirmed. The trial court erred in dismissing the claims against West and Vela in their *personal* capacities.[6] To that extent, the judgment is reversed and remanded to the trial court.

The judgment, therefore, is affirmed in part and reversed in part.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

WALKER, Chief Justice, dissenting.

I must dissent to the majority's decision to rule on the merits of this appeal. Based upon the record before me, the *good faith* amount in controversy is $270. The various "$10,000.00" damage allegations for intentional or reckless conduct on the part of the appellees contained in appellant's petition filed with the trial court should be considered as having been waived because appellant's written administrative requests for relief to the prison authorities were silent as to any intentional or reckless acts involved in the destruction of his typewriter. As a general rule, an administrative litigant may preserve a complaint only by giving the agency an opportunity to review the legal ground on which the complaint is based. *See Sears v. State .Bd. of Dental Examiners*, 759 S.W.2d 748, 750 (Tex. App.—Austin 1988, no writ); *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 396–397 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

The record reflects that appellant was repeatedly informed by the prison authorities that the typewriter was destroyed "unintentionally." Appellant did not take issue with this response at the administrative level. As such, any later allegations that the destruction was caused intentionally or recklessly should be considered made in bad faith. As amount in controversy between parties, for purposes of subject matter jurisdiction, is determined by *good faith* pleadings of the parties, *see Smith Detective Agency & Nightwatch Service, Inc. v. Stanley Smith Sec., Inc.*, 938 S.W.2d 743, 747 (Tex.App.—Dallas 1996, writ denied), the amount in controversy in the instant case is limited to $270.[1]

In the instant case, because the only amount in controversy alleged in good faith is $270, the trial court lacked subject matter jurisdiction to entertain the case. This is based upon the finding that although both TEX. GOV'T CODE ANN. § 24.007 (Vernon 1988), and TEX. CONST. art. V, § 8 were recodified and amended, respectively, in 1985, so as to delete the $500 minimum amount in controversy, the legislature did not intend any substantive change in the former law by said recodification and amendment. *See Chapa v. Spivey*, 999 S.W.2d 833, 835–836 (Tex.App.—Tyler

---

6. Since there have been no special exceptions, those claims may include negligent, reckless and intentional damage to property and § 1983 claims based on the reckless and intentional damage to property.

1. Similarly, a mere unfounded claim to a penalty or attorney's fees will not serve to place a case within the jurisdiction of a district court. *See Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 913 (1960).

1999, no pet.). Because the majority finds trial court jurisdiction, and then proceeds to rule on the merits of the appeal instead of dismissing the appeal for lack of jurisdiction by this Court, I dissent.