NUMBER
13-01-749-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

 

JOHN C. SPURLOCK ,                                                               
 Appellant,

 

                                                   v.

 

JAMES
C. SCHROEDTER, ET AL. ,                                           Appellee.

 

                             On appeal from
the County Court

                                  of DeWitt County, Texas.

 

 

                                      OPINION

 

        Before Chief Justice Valdez and Justices
Dorsey and Rodriguez

Opinion by Chief
Justice Rogelio Valdez








Appellant, John C. Spurlock, an inmate housed in the Texas Department of
Criminal Justice B Institutional Division
(TDCJ), appeals, through two points of error, the trial court=s dismissal of appellant=s claim as
frivolous.  We reverse the judgment and
remand to the trial court.

Facts & Procedural History

Appellant brought a suit for damages against Property Officer Schroeder
and other employees of the State for damages stemming from loss to his personal
property.  Appellant contends that
employees of the State failed to conduct a timely inventory to ensure that all
his Acraftshop property
arrived safely and accounted for and securing such in a safe area, showing
gross negligence and derelict of duty under the official capacities.@ 

On May 3, 2001, appellant brought suit in the DeWitt County Justice
Court, he also filed motion for leave to proceed in forma pauperis.  That suit was subsequently dismissed with
prejudice on July 18, 2001.  Appellant
appealed that decision to the Dewitt County Court on July 20, 2001.  The county court dismissed appellant=s suit with prejudice
pursuant to chapter fourteen of the Texas Civil Practice and Remedies Code on
September 28, 2001.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon Supp.
2002).  The order stated that the motion
to dismiss is granted and finds that the claim is frivolous.  On October 4, 2001, appellant appealed the
decision of the Dewitt County Court and filed motion to leave to proceed in
forma pauperis.

Analysis








The proper standard of review for the dismissal of a frivolous claim
pursuant to chapter fourteen is an abuse of discretion.  Jackson v. Texas Dep=t of Crim. JusticeBInstitutional Div., 28 S.W.3d 811, 813
(Tex. App.BCorpus Christi 2000,
pet. denied).  To establish an abuse of
discretion, an appellant must show the trial court=s actions were arbitrary
or unreasonable in light of all the circumstances.  Id. 
(citing Smithson v. Cessna Aircraft Co.,
665 S.W.2d 439, 443 (Tex. 1984).  The
standard is clarified by asking whether the trial court acted without reference
to any guiding rules or principles.  Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex.
1986).  

The trial court has broad discretion to dismiss an inmate=s claim as
frivolous.  Jackson, 28 S.W.3d at 813.  To
determine whether a claim is frivolous, the trial court may consider if:  (1) the claim=s realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or fact; (3) it is clear that the
party cannot prove facts in support of the claim; or (4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.  Tex. Civ. Prac. & Rem.
Code Ann. ' 14.003(b) (Vernon Supp. 2002); Jackson, 28
S.W.3d at 813.  

Appellant argues in his first point of error that the trial court
violated his due process rights because it did not hold a hearing concerning
his in forma pauperis status before it dismissed his lawsuit.                                    

In determining whether to dismiss a suit under section 14.003, the court
may hold a hearing.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(c) (Vernon Supp.
2002).  The hearing may be held before or
after service of process, and it may be held on motion of the court, a party,
or the clerk of the court.  Id.








The statute=s plain language
indicates the court=s determination to hold
a hearing is discretionary.  Id.  Accordingly, it was not mandatory that
the trial court conduct a hearing to decide whether appellant=s suit should be
dismissed.  See Thomas v. Wichita Gen.
Hosp., 952 S.W.2d 936, 938 (Tex. App.BFort Worth 1997, writ
denied) (holding the trial court did not err in dismissing appellant=s claim because the
court failed to hold a hearing).  Because
it was not mandatory that the trial court conduct a hearing, it did not err
when it did not.  

Appellant=s first point of error
is overruled.

In point of error two appellant contends the trial court abused its
discretion by dismissing this case upon finding that APlaintiff=s claim is frivolous.@ 

Because the trial judge held no hearing on the motion to dismiss, he may
not dismiss on the ground that there was no arguable basis in fact.  See Lentworth v. Trahan, 981 S.W.2d 720,
722 (Tex. App.BHouston [1st Dist.]
1998, no pet.).  Thus, the issue before
us is whether the trial court properly determined there was no arguable basis
in law for the suit.  Id.  To determine whether the trial court
properly decided there was no arguable basis in law for appellant's suit, we
examine the types of relief and causes of action appellant pleaded in his
petition to determine whether, as a matter of law, the petition stated a cause
of action that would authorize relief.  Id.  In considering the record before us, we review and
evaluate pro se pleadings by standards less stringent than those applied to
formal pleadings drafted by lawyers.  See
Thomas v. Collins, 860 S.W.2d 500, 503 (Tex. App.BHouston [1st Dist.]
1993, writ denied); see also Johnson v. Lynaugh, 796 S.W.2d 705, 706-07
(Tex. 1990) (the Texas Supreme Court expressed doubt about whether a trial
court can properly dismiss a suit only because the claim=s realistic chance of
ultimate success is slight or because it is clear that the party cannot prove
facts in support of the claim). 








Appellees argue that the holding in Aguilar v. Chastain, 923
S.W.2d 740, 743-44 (Tex. App.BTyler 1996, no writ) is
controlling in this situation.  They
correctly cite Chastain for the proposition that a prison official=s unauthorized
intentional act that deprives an inmate of property is not a constitutional
violation if there exists an adequate post-deprivation remedy.  Id. 
They incorrectly conclude, however, that since section 501.007
mandates an inmate grievance system this court has no jurisdiction to entertain
such a claim. See Gordon v. Scott, 6 S.W.3d 365, 369-70 (Tex. App.BBeaumont 1999, no
pet.).           We hold that the purpose of sections 501.007 and 501.008 is to
ensure that an inmate proceeding in forma pauperis has exhausted his administrative
remedies before proceeding to file a claim in state court.  Tex.
Govt. Code Ann. '' 501.007-.008 (Vernon
Supp. 2002) (outlining the specific procedures an inmate must complete in order
to exhaust his administrative remedies, such as receiving a final written
decision by the highest authority provided for in the grievance system).  As to the appellee=s argument that sections
501.007 and 501.008 of the government  code provide an adequate remedy
and  therefore appellant=s claim has no arguable
basis in law, we disagree.  See Gordon
v. Scott, 6 S.W.3d at 369-70.  Clearly, the legislature foresaw that inmates
would seek redress in the courts because section 501.008(d) is the requirement
to exhaust the grievance procedures before initiating suit.  Id. 
Furthermore, a common law/statutory scheme exists
for negligent, intentional or reckless destruction of property.  As such, we hold that appellant=s claim is an ordinary
tort claim that can be tried in state court once his statutory prerequisites
have been met.  








Upon review of the record we find that appellant properly exhausted his
administrative remedies.  The record
reveals that appellant filed an affidavit stating the date a grievance was
filed, the date a written decision was received, and appellant further provided
a copy of the written decision. Tex.
Civ. Prac. & Rem. Code Ann. ' 14.005(a) (Vernon Supp.
2002).  We further fail to find any other
grounds upon which the trial court could have found no arguable basis in the
law.

Because we find that the trial court could not have concluded that there
was no arguable basis in law to dismiss we hold that
the trial court abused its discretion in dismissing this case as
frivolous.  Sawyer v. Texas Dep=t of Criminal Justice, 983 S.W.2d 310, 311
(Tex. App.BHouston [1st Dist.]
1998, pet. denied). 

Appellant=s second point of error
is sustained.

Conclusion

The judgment is therefore reversed and remanded to the trial court.

                                                                   

                                      

ROGELIO VALDEZ

Chief Justice

 

 

Publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 1st day of August, 2002.