Opinion issued June 3, 2010.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00019-CV

———————————

Kenneth Hickman-Bey, Appellant

V.

Texas
Department of Criminal Justice and Sergeant W. Ward, Appellees



 



 

On Appeal from the 412th District Court

Brazoria County, Texas



Trial Court Case No. 49974

 



 

MEMORANDUM OPINION

          Appellant,
Kenneth Hickman-Bey, who is incarcerated and represents himself pro se,
challenges the trial court’s order dismissing his case for failure “to state a
cause of action as a matter of law.”  In
four issues, Hickman-Bey argues that he stated a cause of action (1) for
official oppression; (2) for racial and religious discrimination; (3) for
violations of the Texas Public Information Act; and (4) for violations of the
Fourteenth Amendment.

          We
affirm.

Background

          On November
5, 2008, Hickman-Bey filed his original petition seeking “declaratory and
injunctive relief” against the Texas Department of Criminal Justice (TDCJ) and
Sergeant W. Ward, in his official capacity. 
Hickman-Bey alleged that Ward, who is involved in security threat group
management, improperly identified him as a gang member, resulting in denial of
his parole,[1]
and that Ward “provided false information [to the parole board] that [Hickman-Bey]
was knowingly in contact with gang members and was actively involved in gang
activity.”  The petition specifically
stated that Ward identified Hickman-Bey as a gang member based on his
“association with a prison clique,” the “Mandingo Warriors, [who] are not
considered a gang” and that the “false information” Ward provided related to
“some secret isolated incident in 2006.” 
Hickman-Bey also alleged that “[t]he Security Threat Group Management
has secret rules[,] regulations, [and] policies” to which inmates do not have
access.  Hickman-Bey’s petition also
states that he is listed as a member of the Moorish Science Temple of America,
which is a religion recognized by TDCJ “but [is] also associated with being a
gang.”  Hickman-Bey also alleged that
“[a]n advocate acting on [his] behalf requested information in the form of the
alleged rules, regulations and policies STGM operates and [his] STG file,”
which was denied.

Hickman-Bey alleged that he “is
subject to Official Oppression by Ward, [because] as a matter of law a public
servant acting under color of his office commits an offense by intentionally
denying or impeding another in the exercise of enjoyment of any right or
privilege.”  He also alleged that Ward’s
actions violated his “civil rights as a prisoner” and were the result of racial
and religious discrimination. 
Specifically, Hickman-Bey’s petition stated that Ward “has a proven
history of primarily focusing abuses of his authority on former and present
suspected black gang members” and that, while Ward at times monitors Hispanic
and white members, “[h]is records will [reflect] that he targets only black
inmates.”  The petition also stated that
Hickman-Bey “has been discriminated against in being considered a gang member”
because of his association with the Moorish Science Temple.  Hickman-Bey also alleged that he was “denied
due process of law in being denied an opportunity to be heard” regarding his
grievance against Ward and “in being subject to secret rules.”  He alleged that “the defendants are in
violation of the Texas [Public Information] Act[2] in refusing to disclose
records and evidence used against [him] for the purpose of investigation and
clearing him of charges.”

Hickman-Bey specifically requested an
interlocutory injunction ordering that Ward “not alter or remove any existing
records in plaintiffs security threat group file,” an injunction “that will
order TDCJ-CID to provide any and all agents of plaintiff with cop[ies] of his
security threat group file” upon a request under the Texas Public Information
Act, an injunction “that will order TDCJ-CID to reinstate plaintiff as an
ex-gang member,” and a “permanent injunction that will disclose rules[,]
regulations and policies of the security threat group department.”  Hickman-Bey also requested declaratory
judgments “that Ward violated plaintiff[’s] rights as a prisoner,” “that Ward
subjected plaintiff to official oppression,” and “that Ward subjected plaintiff
[to] denial of due process and discrimination because of his race [and/or]
religion.”

The petition was accompanied by an
unsworn declaration of his inability to pay the filing fee and the cost of
citation.  As required by Chapter 14 of
the Texas Civil Practice and Remedies Code,[3] Hickman-Bey’s petition was
also accompanied by an affidavit of exhaustion of the grievance system and the
necessary documents from the grievance process and an affidavit detailing his
previous court filings.

          On
December 12, 2008, before process was served on the defendants,[4] the trial court dismissed
Hickman-Bey’s case, stating,

On this date the court
reviewed the pleadings in the above referenced cause.  It appearing that the plaintiff has failed to
state a cause of action as a matter of law, it is ordered that the cause is
dismissed with prejudice to the rights of the Plaintiff to refile the same.

 

The trial court subsequently gave notice to
Hickman-Bey of its dismissal order, and this appeal followed.

 

Dismissal of Indigent Inmate Appeals

Under Chapter 14 of the Texas Civil
Practice and Remedies Code, governing inmate litigation, a trial court may
dismiss an inmate suit brought in forma pauperis either before or after service
of process by finding that it is frivolous or malicious.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002).  In determining whether a claim is frivolous
or malicious, a trial court may consider whether (1) the claim’s realistic
chance of ultimate success is slight; (2) the claim has no arguable basis in
law or in fact; (3) it is clear that the party cannot prove facts in support of
the claim; or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts.  Id.
§ 14.003(b)(1)–(4).

Here, the trial court dismissed
Hickman-Bey’s case for failure “to state a cause of action as a matter of
law.”  We review such a dismissal for an
abuse of discretion.  Moreland v. Johnson, 95 S.W.3d 392, 394
(Tex. App.—Houston [1st Dist.] 2002, no
pet.).  When a trial court dismisses a
claim without a hearing, as here, the issue on appeal is whether the claim had
no arguable basis in law.  Id. 
Thus, we examine whether Hickman-Bey’s claims were frivolous because
they have no arguable basis in law.

The issue of whether a claim has an
arguable basis in law is a legal question that we review de novo.  Id.  To determine whether there is an arguable
basis in law, we examine the types of relief and causes of action pleaded in
his petition to determine whether the petition states a cause of action that
would authorize relief.  Spurlock v. Schroedter, 88 S.W.3d 733,
736 (Tex. App.—Corpus Christi 2002, no pet.).  We review and evaluate pro se pleadings by
standards less stringent than those applied to formal pleadings drafted by
lawyers.  Id.  We are bound to take as
true the allegations in the inmate’s petition. 
Jackson v. TDCJ-ID, 28 S.W.3d
811, 813 (Tex. App.—Corpus Christi 2000, pet. denied).

A.      Official Oppression

In his first issue, Hickman-Bey
argues that he stated a cause of action for official oppression.  To support his contention, he cites Mizell v. State and section 39.03(a)(2)
of the Texas Penal Code.[5]  70 S.W.3d 156 (Tex. App.—San Antonio 2001), aff’d, 119 S.W.3d 804 (Tex. Crim. App. 2003); see also Tex. Penal Code
Ann. § 39.03 (Vernon 2003).  However,
the Penal Code does not create a private cause of action, and a victim does not
have standing to participate as a party in a criminal proceeding.  Tex.
Const. art. I, § 30(e); Tex. Code
Crim. Proc. Ann. art. 56.02(d) (Vernon Supp. 2009); Brown v. De La Cruz, 156 S.W.3d 560, 567 (Tex. 2004).  We conclude that Hickman-Bey failed to state
an official oppression claim with any arguable basis in law.[6]

We overrule Hickman-Bey’s first
issue.

B.      Racial and Religious Discrimination and
Fourteenth Amendment

          In
his second issue, Hickman-Bey argues that he stated a cause of action for
racial and religious discrimination under Chapter 42, section 1983 of the
United States Code.  In his fourth issue,
Hickman-Bey argues that he stated a cause of action for violations of the
Fourteenth Amendment right to due process based on racial and religious
discrimination.

          Section
1983 provides:

Every person who, under
color of any statute, ordinance, regulation, custom, or usage, of any State or
Territory or the District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in action at law,
suit in equity, or other proper proceeding for redress.

 

42 U.S.C.A. § 1983 (West 2003).  Section 1983 provides a private cause of action
and remedy when any person acting under color of state law deprives another of
rights, privileges, or immunities protected by the U.S. Constitution or
laws.  Gordon v. Scott, 6 S.W.3d 365, 369 (Tex. App.—Beaumont 1999, pet. denied); see also Parratt v.
Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330–31, 106 S. Ct. 662, 664–65 (1986) (holding that the
two essential elements to section 1983 action are “(1) whether the conduct
complained of was committed by a person acting under color of state law; and
(2) whether this conduct deprived a person of rights, privileges, or immunities
secured by the Constitution or laws of the United States”).

The Due Process Clause of the
Fourteenth Amendment encompasses both substantive and procedural due
process.  City of Dallas v. Saucedo-Falls, 268 S.W.3d 653, 660 (Tex.
App.—Dallas 2008, pet. denied). 
Hickman-Bey does not specify which of these TDCJ and Ward allegedly violated.  However, for a claim of either substantive or
procedural due process violations, a party must allege a constitutionally
protected property right.  Id.

Hickman-Bey failed to plead that he
was deprived of a right, privilege, or immunity that is protected by the U.S.
Constitution or federal law. 
Hickman-Bey’s petition alleged that he was denied parole and other
privileges offered to inmates because of Ward’s identification of him as a gang
member and that he was denied due process in being denied an opportunity to have
his grievance heard and in “being subject to secret rules, regulations and
policies” in attempting to resolve his grievance.  However, Hickman-Bey has no right to
parole.  See Johnson v. Davis, 178 S.W.3d 230, 239 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  “Both state and federal courts have held that
Texas prison inmates have no protected liberty interest in parole.”  Id. (citing
Johnson v. Rodriguez, 110 F.3d 299,
308 (5th Cir. 1997) and Martin v. Tex.
Bd. of Crim. Justice, 60 S.W.3d 226, 230 (Tex. App.—Corpus Christi 2001, no
pet.)).  We also note that, although
Hickman-Bey failed to specifically identify the “privileges” denied him, he
does not have a liberty interest in such privileges.  See
Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (holding that prisoner
has liberty interest only in freedoms from restraint that impose atypical and
significant hardship on inmate in relation to ordinary incidents of prison life
and does not have federally protected liberty interest in having these
grievances resolved to his satisfaction). 
Furthermore, Hickman-Bey does not have a constitutionally protected
right to access a grievance procedure.  See Wanzer v. Garcia, 299 S.W.3d 821,
827 (Tex. App.—San Antonio 2009, pet. denied).  Therefore, Hickman-Bey
failed to plead a section 1983 claim or a violation of the Fourteenth
Amendment.[7]  See
Saucedo-Falls, 268 S.W.3d at 660; Gordon,
6 S.W.3d at 369.

          We
overrule Hickman-Bey’s second and fourth issues.

C.      Texas Public Information Act

          In
his third issue, Hickman-Bey argues that he stated a cause of action under the
Texas Public Information Act. 
Specifically, his petition requested an “injunction that will provide
any and all agents of plaintiff with cop[ies] of his security threat group file
upon Texas Open Records Request.”  He
alleged that “[a]n advocate acting on [his] behalf requested information in the
form of the alleged rules, regulations and policies STGM operates and [his] STG
file,” which was denied.

          The
Texas Public Information Act provides for certain disclosure of “public
information,” which is defined as information that is collected, assembled, or
maintained (1) by a governmental body or (2) for a governmental body, and the
governmental body owns the information or has a right of access to it.  Tex.
Gov’t Code Ann. § 552.002(a) (Vernon 2004).  Section 552.028(a) provides that:

A governmental body is not
required to accept or comply with a request for information from:

 

(1)   an individual who is
imprisoned or confined in a correctional facility; or

 

(2)   an agent of that individual,
other than that individual’s attorney when the attorney is requesting
information that is subject to disclosure under this chapter.

 

Id. §
552.028(a)(1).  Hickman-Bey did not allege
that the “advocate” acting on his behalf was his attorney, nor does he make
such an argument in his brief on appeal. 
Thus, Hickman-Bey’s pleadings failed to demonstrate any violation of the
Texas Public Information Act. 

          We overrule
Hickman-Bey’s third issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

 

                                                                   Evelyn
V. Keyes,

                                                                   Justice


 

Panel
consists of Justices Keyes, Hanks, and Higley.

 











[1]
          The notice of parole panel
decision contained in the record stated that Hickman-Bey was denied parole, and
provided three reasons, though it stated that only one was required.  First, it stated that Hickman-Bey committed
“one or more violent criminal acts indicating a conscious disregard for the
lives, safety, or property of others” that also had “elements of brutality,
violence, or conscious selection of victim’s vulnerability such that the inmate
poses an undue threat to the public” and stated that Hickman-Bey used a
weapon.  Second, it stated that
Hickman-Bey “has repeatedly committed criminal episodes or has a pattern of
similar offenses that indicates a predisposition to commit criminal acts when
released” and that he “is a leader or active participant in gang or organized
criminal activity.”  Finally, it stated
that his parole was denied for “continued participation in gang activity.”





[2]
          Hickman-Bey refers to this in
his petition and in his brief as a claim under the “Open Records Act.”  The Texas Public Information Act was formerly
known as the Texas Open Records Act.  See Thomas v. Cornyn, 71 S.W.3d 473, 478
(Tex. App.—Austin 2002, no pet.) (citing Act of May 29, 1995 74th Leg., R.S.,
ch. 1035, § 1, 1995 Tex. Gen. Laws 5127). 
Thus we construe his pleadings and brief as alleging a cause of action
under the Texas Public Information Act.  See Tex.
Gov’t Code Ann. §§ 552.001–.353 (Vernon 2004 & Supp. 2009).





[3]
          Chapter 14 of the Texas Civil
Practice and Remedies Code governs suits filed by indigent inmates.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon 2002).  Indigent inmates are required to file an
affidavit or declaration of previous court filings and, when filing a claim
that is subject to the grievance system established under Texas Government Code
section 501.008, an affidavit or unsworn declaration with information about the
grievance process and a copy of the written decision from the grievance
system.  Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004–.005
(Vernon 2002).

 





[4]           Appellees, TDCJ and Ward, did not
appear in the trial court and did not file a brief on appeal.





[5]
          Section 39.03(a)(2) provides
that “[a] public servant acting under color of his office or employment commits
[the offense of official oppression] if he . . . intentionally denies or
impedes another in the exercise or enjoyment of any right, privilege, power, or
immunity, knowing his conduct in unlawful.” 
Tex. Penal Code Ann. §
39.03(a)(2) (Vernon 2003).





[6]
          Hickman-Bey also mentions
violations of 42 U.S.C. § 1983 and the Fourteenth Amendment in his first
issue.  We discuss these in our analysis
of his second and fourth issues.  He
failed to identify any other basis for his “violation of the civil rights of a
prisoner.”





[7]
          We also note that a section
1983 action will not lie against a state agency, like TDCJ, or an official
acting in his official capacity, like Ward. 
See Harrison v. Tex. Dep’t of Crim.
Justice-Institutional Div., 915 S.W.2d 882, 889 (Tex. App.—Houston [1st
Dist.] 1995, no writ) (holding that
appellant could not pursue section 1983 claim against TDCJ or officials in
their official capacity because “[n]either a state nor its officials acting in
their official capacities are ‘persons’ under § 1983”) (citing Will v. Mich. Dep’t of State Police, 491
U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989)).  The Supreme Court has recognized an
exception to this rule in cases of injunctive relief, stating, “Of course a
state official in his or her official capacity, when sued for injunctive
relief, would be a person under § 1983 because ‘official-capacity actions for
prospective relief are not treated as actions against the State.’”  Will,
491 U.S. at 71 n.10, 109 S. Ct. at 2312 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 3106
n.14 (1985)).  However, as discussed
above, Hickman-Bey failed to allege any section 1983 claim.