ACCEPTED
07-15-00284-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
12/17/2015 1:23:16 PM
Vivian Long, Clerk

NO. 07-15-00284-CV

IN THE
COURT OF APPEALS
SEVENTH JUDICIAL DISTRICT
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

12/17/2015 1:23:16 PM

VIVIAN LONG
CLERK

*ALLEN DWAYNE BATES*,
Appellant

*VS*.

*ELIZABETH ANN BROWN, BLAKE HENCHCLIFFE AND JERRY JACKSON*,
Appellees

APPEAL IN CAUSE NO 65808-A
IN THE 47TH DISTRICT COURT
OF RANDALL COUNTY, TEXAS

*BRIEF OF APPELLEE*S

JAMES A. FARREN
Randall County Criminal District Att'y

WARREN L. CLARK
wclark@randallcounty.org
Assistant Criminal District Attorney
SBN 04300500
2309 Russell Long Boulevard, Suite 120
Canyon, Texas 79015
Tel. (806) 468-5570
Fax (806) 468-5566

Attorney for Appellees

## *IDENTITY OF PARTIES AND COUNSEL*

***PARTIES TO TRIAL COURT JUDGMENT*:**

Allen Dwayne Bates  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Plaintiff (Appellant)

Elizabeth Ann Brown, Blake Henchcliffe, Jerry Jackson   .   Defendants (Appellees)

***TRIAL AND APPELLATE COUNSEL*:**

Allen Dwayne Bates  . . . . . . . . . . . . . . . . . . . . . . . . . . *Pro Se* Plaintiff / Appellant
TDCJ # 1822207
1525 FM 766
Cuero, Texas 77954

Warren L. Clark   . . . . . . . . . . . . . . . . . . . . . . . . Appellate Counsel for Appellees
Appellate Chief
Assistant Criminal District Attorney
Randall County Criminal District Attorney's Office
2309 Russell Long Blvd., Suite 120
Canyon, Texas 79015

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

    State Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

    Federal Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

    Constitutions And Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

    Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Nature Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Course Of Proceedings and Disposition . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Issue: Was dismissal of Plaintiff's § 1983 action an abuse of discretion? . 5

        *Chapter 14 of the Texas Civil Practice & Remedies Code* . . . . . . . . 6

        *Standard of review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        *42 U.S.C. § 1983 actions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*False arrest claim brought under § 1983* . . . . . . . . . . . . . . . . . . . . . . 8

*Liability for false arrest under § 1983* . . . . . . . . . . . . . . . . . . . . . . 9

*Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# *INDEX OF AUTHORITIES*

## *CASES***:**

### *STATE*

*Comeaux v. TDCJ,ID, et al*, No. 13-11-00446-CV
(Tex.App.-Corpus Christi January 31, 2013, pet denied) (mem. op.)  . . . . . 7

*Garrett v. Williams*, 250 S.W.3d 154
(Tex.App.-Fort Worth 2008, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

*Gordon v. Scott*, 6 S.W.3d 365
(Tex.App.-Beaumont 1999, pet. denied)  . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hamilton v. Pechacek*, 319 S.W.3d 801
(Tex.App.-Fort Worth 2010, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

*Leachman v. Dretke*, 261 S.W.3d 297
(Tex.App.-Fort Worth 2008, no pet.) (op. on reh'g) . . . . . . . . . . . . . . . . . . 8

*Nabelek v. Dist. Att'y of Harris Co*, 290 S.W.3d 222
(Tex.App.-Houston [14th Dist.] 2005, pet. denied) . . . . . . . . . . . . . . . . . . 6

*Scott v. Gallagher*, 209 S.W.3d 262
(Tex.App.-Houston [1st Dist.] 2006, no pet.)  . . . . . . . . . . . . . . . . . . . . . . 7

*Vaughn  v. Hicks*, No. 14-08-00726-CV
(Tex.App.-Houston [14th Dist.] April 16, 2009, pet. denied)
(per curiam) (mem. op) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

### *FEDERAL*

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Felder v. Casey*, 487 U.S. 131 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Franks v.Delaware*, 438 U.S. 154 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10,11

*Golino v. City of New Haven*, 950 F.2d 864 (2nd Cir. 1991),
 *cert. denied*, 505 U.S. 1221 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lennon v. Miller*, 66 F.3d 416 (2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Malley v. Briggs*, 475 U.S. 335 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Saucier v. Katz*, 533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sherwood v. Mulvihill*, 113 F.3d 396 (3rd Cir. 1997) . . . . . . . . . . . . . . . . . . . . 10

*United States v. Basham*, 286 F.3d 1199 (10th Cir. 2001),
 *cert. denied*, 535 U.S. 945 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Colonna*, 360 F.3d 1169 (10th Cir. 2004) . . . . . . . . . . . . . . . . 11

*United States v. Hammett*, 236 F.3d 1054 (9th Cir. 2001),
 *cert. denied*, 534 U.S. 866 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Jones*, 208 F.3d 603 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 11

*Velardi v. Walsh*, 40 F.3d 569 (2nd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wilson v. Russo*, 212 F.3d 781 (3rd Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*CONSTITUTIONS AND STATUTES*

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,8,9,11,12,13

TEX. CIVIL PRAC. & REM. CODE § 14.001 . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. CIVIL PRAC. & REM. CODE § 14.003 . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TEX. CIVIL PRAC. & REM. CODE § 14.003(a)(2) . . . . . . . . . . . . . . . . . . . . . 1,13

TEX. CIVIL PRAC. & REM. CODE § 14.003(b) . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. CIVIL PRAC. & REM. CODE § 14.014 . . . . . . . . . . . . . . . . . . . . . . . . . 6

***RULES***

TEX. R. APP. PROC. 38.2(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

## STATEMENT OF THE CASE

**A.  NATURE OF THE CASE**

This is an appeal arising from the trial court's dismissal order of Plaintiff's §

1983 action under the authority of TEX. CIVIL PRAC. & REM. CODE § 14.003(a)(2)

wherein the trial court found the lawsuit to be frivolous.

**B.  COURSE OF PROCEEDINGS AND DISPOSITION**

On March 11, 2013, Plaintiff filed an original petition and application to

proceed in district court *in forma pauperis*. (C.R. 4-25) Rather than attempt to obtain

service of process on the three named defendants or engage in meaningful discovery,

Plaintiff initiated a series of correspondence with either the trial court or the district

clerk.  Most of these letters requested updates from the Randall County District

Clerk's Office concerning the "status" of his case. (see e.g. C.R. 26-33) Some of these

letters were directed to the trial court requesting an evidentiary hearing on a variety

of topics or inquiring why service of process had not been accomplished. (see, e.g.

C.R. 45)  Plaintiff also directed letters to the court requesting written findings of fact

and conclusions of law. (C.R. 46,52,53)

The trial court initially entered an order of dismissal, finding Plaintiff's petition

to be frivolous, on May 12, 2014. (C.R. 43) However, a Nunc Pro Tunc Order of

1

Dismissal was subsequently signed and entered of record on June 16, 2015. (C.R. 56)

It is from this order which Plaintiff has perfected his appeal. (C.R. 57-58)

## *ISSUE PRESENTED*

Based on TEX. R. APP. PROC. 38.2(a)(1)(B), Appellee asserts that the following is a correct statement of the issue presented:

Did the trial court abuse its discretion when it dismissed Plaintiff's Original Petition on the finding that Plaintiff's claim lacked an arguable basis in law and therefore, constituted a frivolous lawsuit for purposes of Section 14.003 of the Texas Civil Practices and Remedies Code?

NO. 07-15-00284-CV

IN THE
COURT OF APPEALS
SEVENTH JUDICIAL DISTRICT
AMARILLO, TEXAS

ALLEN DWAYNE BATES,
Appellant

VS.

ELIZABETH ANN BROWN, BLAKE HENCHCLIFFE AND JERRY JACKSON,
Appellees

APPEAL IN CAUSE NO. 65,808-A
IN THE 47TH DISTRICT COURT
OF RANDALL COUNTY, TEXAS

*BRIEF OF APPELLEE*

TO THE HONORABLE JUSTICES OF THE SEVENTH COURT OF APPEALS:

Based on TEX. R. APP. PROC. 38.2, Appellees file their brief in the above-entitled and numbered cause.

3

## *STATEMENT OF FACTS*

Plaintiff's handwritten original petition for relief is difficult to comprehend. Its rambling narrative and disjointed phrases make for a hard task insofar as deciphering exactly what he alleges as facts or theory of recovery. However, since *pro se* pleadings are to be reviewed and evaluated by less stringent standards than those applied to formal pleadings drafted by lawyers, Appellees will give Plaintiff the benefit of any reasonable doubt. In so doing, it appears that Plaintiff set forth a 42 U.S.C. § 1983 action claiming false arrest. His theory alleged that Appellee Elizabeth Brown, a detective with the Amarillo Police Department, investigated a case of credit card abuse involving Plaintiff and caused to be filed an arrest warrant which was deficient because it was not supported by probable cause. Amarillo Police Department officers Henchcliffe and Jackson served this warrant on Plaintiff and took him into custody at that time. According to Plaintiff's theory, as best can be understood, Detective Brown is liable for executing an arrest warrant that was not supported by probable cause while the two officers who served the supposedly invalid warrant are vicariously liable as well. Thus, all three should be held responsible for false arrest. (C.R. 5-12)

4

## SUMMARY OF THE ARGUMENT

Taking as true the allegations in Plaintiff's lawsuit, it cannot be held that the trial court acted without reference to guiding principle when it concluded that there was no realistic chance of ultimate success in light of the law of qualified immunity from any civil liability which all three named defendant-officers would benefit from under the circumstances set forth in the petition. Moreover, the limited record and rules of controlling law provide additional grounds supporting the trial court's dismissal since the pleadings, even by assuming their accuracy, could not give rise to an actionable cause of false arrest. At best, the pleadings allege that the warrant in question was not supported by probable cause, an argument more pertinent to a theory of evidentiary suppression. As such, this construct merely augments a circumstance which can never form the basis, as a matter of law, for personal liability in a section 1983 action. Thus, the trial court was correct in all things by concluding that Plaintiff's claim had no arguable basis in law and had no realistic chance of ultimate success.

## ARGUMENT

*Issue*: *Did the trial court abuse its discretion when it dismissed Plaintiff's Original Petition on the finding that Plaintiff's claim lacked an arguable basis in law and therefore, constituted a frivolous lawsuit for purposes of Section 14.003 of the Texas Civil Practices and Remedies Code?*

5

## *Chapter 14 of the Civil Practice and Remedies Code*

Inmate litigation is governed by certain procedural rules set forth in chapter 14 of the Civil Practice and Remedies Code. See TEX. CIVIL PRAC. & REM. CODE. §§ 14.001-.014. The purpose of chapter 14 is to aid the trial court in determining whether an inmate's claim is frivolous. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex.App.-Fort Worth 2010, no pet.). A trial court has broad discretion to dismiss an inmate's suit as frivolous because "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Nabelek v. Dist. Att'y of Harris Cnty*, 290 S.W.3d 222, 228 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Garrett v. Williams*, 250 S.W.3d 154, 158 (Tex.App.-Fort Worth 2008, no pet.).

In determining whether a claim is frivolous, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIVIL PRAC. & REM. CODE § 14.003(b); *Nebelek*, 290 S.W.3d at 228. There is no relevant federal case law which preempts chapter 14 dismissals. Thus, the trial court

6

and appellate courts do not abuse its discretion in dismissing § 1983 claims brought by inmates based on findings that the suits are frivolous. *Comeaux v. TDCJ, ID, et* al, No. 13-11-00446-CV at *10-11 (Tex.App.-Corpus Christi January 31, 2013, pet. denied) (mem. op.); *Vaughn v. Hicks*, No. 14-08-00726-CV at *3 (Tex.App.-Houston [14th Dist.] Apr. 16, 2009, pet. denied) (per curiam) (mem. op.)

### *Standard of review*

Review of a trial court's dismissal of an inmate's claim under chapter 14 is for an abuse of discretion. *Hamilton*, 319 S.W.3d at 809; *Garrett*, 250 S.W.3d at 158. Since the trial court decision consisted solely of consideration of legal principles and did not include presentation of evidence, the issue on appeal embraces the ultimate question of whether Appellant's claim had no arguable basis in law. Whether a claim has an arguable basis in law is a legal question which is reviewed de novo. *Hamilton,* 319 S.W.3d at 809. In conducting this de novo review, the reviewing court takes as true the allegations in the inmate's petition and reviews that petition to determine whether, as a matter of law, it stated a cause of action that would authorize relief. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex.App.-Houston [1st Dist.] 2006, no pet.). A claim has no arguable basis in law if it is an "indisputably meritless legal theory." *Id*. If the dismissal is proper under any legal theory, the trial court's order must be upheld. *Hamilton*, 319 S.W.3d at 809.

## *42 U.S.C. 1983 actions*

Section 1983 provides a civil cause of action for the deprivation of an individual's federal statutory or constitutional rights. 42 U.S.C. § 1983; *see Felder v. Casey*, 487 U.S. 131, 139, 108 S.Ct. 2302, 2307 (1988) (explaining that section 1983 "creates a species of liability"). Thus, for a plaintiff to assert a claim under section 1983, he must show that "(1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived [that person] of rights, privileges, or immunities secured by the Constitution, or the law, of the United States," *Leachman v. Dretke*, 261 S.W.3d 297, 305 (Tex.App.-Fort Worth 2008, no pet.) (op. on reh'g). A section 1983 action will lie against state officials in their personal or individual capacities. *Gordon v. Scott*, 6 S.W.3d 365, 369 (Tex.App.-Beaumont 1999, pet. denied).

## *False arrest claim brought under § 1983*

When a law enforcement officer is sued under section 1983, the officer is entitled to a claim of qualified immunity. Qualified immunity entitles an officer "not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The doctrine is designed to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The rationale behind qualified immunity is two-fold - to permit officers to perform

8

their duties without fear of constantly defending themselves against insubstantial or fraudulent claims for damages and to allow the public to recover damages where officers unreasonably invade or violate an individual's constitutional or federal legal rights. *Lennon v. Miller*, 66 F.3d 416, 424 (2nd Cir. 1995). Stated another way, where law enforcement officers reasonably, yet perhaps mistakenly, violate a person's constitutional rights, those "officials - like other officials who act in ways they reasonably believe to be lawful - should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Qualified immunity is available for the benefit of a law enforcement officer who is sued for false arrest under 42 U.S.C. § 1983.

## *Liability for false arrest under § 1983*

Before a search or arrest warrant is issued, the Fourth Amendment requires a truthful factual showing in the affidavit used to establish probable cause. *Franks v. Delaware*, 438 U.S. 154, 165-66 (1978). Because a law enforcement officer is constitutionally prohibited from making perjurious or recklessly false statements in support of a warrant, a complaint which specifically alleges that an officer knowingly filed a false affidavit to secure an arrest or search warrant states a claim under section 1983. *see United States v. Basham*, 286 F.3d 1199, 1204 (10th Cir. 2001) ("It is a violation of the Fourth Amendment for an affiant to knowingly and intentionally, or with reckless disregard for the truth, make a false statement in an affidavit."), *cert.*

9

*denied*, 535 U.S. 945 (2002); *Wilson v. Russo*, 212 F.3d 781, 786-87 (3rd Cir. 2000).
Where an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause, "the shield of qualified immunity is lost." *Golino v. City of New Haven*, 950 F.2d 864, 871 (2nd Cir. 1991), *cert. denied*, 505 U.S. 1221 (1992).

A plaintiff who makes specific allegations in a § 1983 action regarding misrepresentations or omissions in the affidavit of probable cause must satisfy the two-part test developed in *Franks v. Delaware*. Not only must there be a "substantial preliminary showing" that the affiant knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for the warrant, the plaintiff must also make that same "substantial preliminary showing" that the false statements or omissions, if any, were "material, or necessary, to the finding of probable cause." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3rd Cir. 1997); *see also Velardi v. Walsh*, 40 F.3d 569, 573 (2nd Cir. 1994). Merely reciting the mantra of false misrepresentations, omissions or materiality to the issue of probable cause is insufficient to sustain this pleading burden. *Id*.

With regards to false statements, the Supreme Court does not require that all statements in an affidavit be completely accurate. Instead, the Court simply requires that the statements be "believed or appropriately accepted by the affiant as true."

10

*Franks*, 438 U.S. at 165.  Accordingly, "misstatements resulting from negligence or good faith mistakes [such as good faith reliance on third party representations] will not invalidate an affidavit which on its face establishes probable cause." *United States v. Jones*, 208 F.3d 603, 607 (7ᵗʰ Cir. 2002); *United States v. Hammett*, 236 F.3d 1054, 1058 (9ᵗʰ Cir.), *cert. denied*, 534 U.S. 866 (2001); *also see United States v. Colonna*, 360 F.3d 1169, 1174 (10ᵗʰ Cir. 2004) ("However, a misstatement in an affidavit that is merely the result of simple negligence or inadvertence . . . does not invalidate a warrant.").

### *Analysis*

Rather than attempt to demonstrate why his claim constitutes a valid cause of action under the elements required under a 42 U.S.C. § 1983 action for false arrest, Plaintiff recapitulates his claim contained within his original brief; that is, the arrest warrant prepared by Detective Brown was devoid of probable cause and that his wrongful arrest was the product of that bad warrant.  As best as can be determined, this argument is divided into six sub-parts:

- the original felony complaint was "factually insufficient;"

- the arrest was made without probable cause;

- the search incident to arrest exceeded the scope of a "Terry" stop;

- the magistrate set excessive bail at arraignment after arrest;

11

- false imprisonment after the arrest on alleged bad warrant and

- Plaintiff was not provided with a fact findings or conclusions of law.

Accepting as true the essential allegations set out in Plaintiff's original petition, as emphasized in his *pro se* brief, he essentially has presented an argument which, once again, attacks the factual sufficiency underlying the original arrest warrant and nothing more. His theory does not allege that Detective Brown knowingly filed a false affidavit to secure the arrest warrant or that she engaged in material fabrications or omissions designed to mislead the magistrate on the basis for a finding of probable cause. Therefore, the petition on its face fails to made the required "substantial preliminary showing" that Detective Brown knowingly or deliberately, or with reckless disregard for the truth, made false statements or omissions that *created* a falsehood in her application for the arrest warrant. His pleadings likewise failed to perfect the "substantial preliminary showing" that the false statements or omissions, if any, were material or necessary to a finding of probable cause to arrest.

Even assuming the truth of the matter - that the arrest warrant in question was amenable to a motion to suppress for lack of probable cause - this would in no way deny Brown the privilege of qualified immunity, further assuming that this kind of circumstance could even give rise to a § 1983 action. Going one step further, under no stretch of legal maneuvering could Plaintiff extend § 1983 liability to either of the

12

two officers who served the arrest warrant since the law does not permit that kind of vicarious liability. Clearly, both would be entitled to qualified immunity in the highly unlikely event that Plaintiff could somehow concoct a legal theory encompassing their liability under a false arrest claim pursuant to § 1983. The trial court's conclusions on this matter were correct in all things.

While a *pro se* claimant should not be held to the otherwise stricter pleading requirements of licensed attorneys, he is nevertheless bound by the same procedural and briefing rules. With this in mind, merely making the blanket, conclusory statement that Brown included a "false statement in her complaint" (C.R. 9) is insufficient to satisfy the burden required of this particular *pro se* claimant. The record reveals that Plaintiff had more than adequate time to supplement his claims, either through proper amendment or pre-trial discovery, in order to bring the suit in conformity with the minimal requirements needed in pursuit of this § 1983 action. Instead, he chose to engage in needless correspondence with court personnel and in effect, slept on his rights until the dismissal order was entered. This is a classic example of why unmeritorious claims should be summarily dismissed under the authority of chapter 14, TEX. CIVIL PRAC. & REM. CODE.

13

## *PRAYER*

WHEREFORE, Appellee, the State of Texas, respectfully requests that this Court affirm the trial court's dismissal order in all respects.

Respectfully submitted,

James A. Farren
Randall County Criminal
District Attorney

Warren L. Clark
Warren L. Clark
Appellate Chief
clarkwl3@gmail.com
wclark@randallcounty.org
Assistant Criminal District Att'y
SBN 04300500

2309 Russell Long Boulevard, Suite 120
Canyon, Texas 79015
Tel. (806) 468-5570
Fax (806) 468-5566

## *CERTIFICATE OF COMPLIANCE*

I hereby certify that the foregoing brief consists of a total of 3,468 words, prepared with WordPerfect software, 14 point Times New Roman font.

Warren L. Clark
Warren L. Clark

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing brief was served upon Appellant by mailing a copy to Allen Dwayne Bates, TDCJ # 1822207, 1525 FM 766, Cuero, Texas 77954 on this the 17th day of December, 2015.

Warren L. Clark
Warren L. Clark