

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00016-CV

_____


CARLOS A. ARMENTA, Appellant

V.

TDCJ, ET AL., Appellees



On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 08C1870-202



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After Carlos A. Armenta, an inmate, filed suit in district court against several defendants (all employees of the Texas Department of Criminal Justice (TDCJ)), the suit was dismissed without a hearing. In his appeal of that order of dismissal, Armenta asserts four points of error, each alleging various abuses of discretion by the trial court. Armenta's suit alleged that the various defendants had deprived Armenta of property, that the TDCJ failed to adequately feed him, and that the defendants had caused injury to his person when he was sprayed with chemical agents while Armenta had been engaged in a fight with another prisoner.

We affirm the judgment of the trial court in part, and reverse and remand to the trial court in part for further proceedings.

**Sections 14.001 –14.014 of the Texas Civil Practice and Remedies Code**

A TDCJ inmate who files a suit while claiming indigency must comply with the procedures set out in Chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (Vernon 2002). An inmate may only file a claim in state court regarding operative facts for which the TDCJ grievance system provides the exclusive administrative remedy after the inmate has received written decision issued by the highest authority provided for in the grievance system (or the 180th day after the date the grievance is filed, if the inmate has not received a written decision within that time period). TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 2004). An inmate who files a claim that is also subject to the

2

grievance system must file an affidavit or unsworn statement which identifies the date a grievance was filed and the date a written decision was received, together with a copy of the written decision, if any. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). If a lawsuit is filed later than thirty-one days after the inmate's receipt of a final decision rendered as a result of the grievance system process, the trial court must dismiss the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *Smith v. Tex. Dep't of Criminal Justice–Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied).

The procedures for availing oneself of the grievance system are set out in the *Offender Orientation Handbook*[1] published by the TDCJ.

> The administrative grievance process established by TDCJ begins with an informal attempt to resolve the problem. If the informal attempt is unsuccessful, two steps follow. The inmate has fifteen days from the grievable event to forward a step one grievance form to the unit grievance investigator. If unsatisfied with the step one decision, the inmate may appeal by submitting a step two form to the unit grievance investigator within fifteen days of the step one response.

*Hamilton v. Williams*, 298 S.W.3d 334, 342–43 (Tex. App.—Fort Worth 2009, pet. filed) (citing *Offender Orientation Handbook* 52). Under the administrative process, Armenta was required to initiate the grievance process within fifteen days of the occurrence of each of the events of which he complained. Finding dissatisfaction with the TDCJ's resolution of any of his grievances under the administrative process, he was required to then file suit within thirty-one days of receiving written notice of the grievance's resolution. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b).

---

[1] *Tex. Dep't of Criminal Justice, Offender Orientation Handbook* 52 (rev. Nov. 2004), http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf.

3

Chapter 14 of the Texas Civil Practice and Remedies Code applies to litigation brought by an inmate who seeks to proceed as a pauper, either through an affidavit or an unsworn declaration of his inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). In such a case, the trial court may dismiss a claim at any time if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In deciding whether an inmate's claim is frivolous, the trial court may consider the inmate's realistic chance of ultimate success, whether the claim has an arguable basis in law or fact, whether the facts the inmate must prove in order to support his claim are capable of proof by the inmate, and whether the claim is substantially similar to and arises from the same facts as another claim already brought by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b). A hearing on a motion to dismiss an inmate's claims as frivolous is not mandatory and the decision to conduct such a hearing is left to the trial court's discretion. *Thomas v. Wichita Gen. Hosp*., 952 S.W.2d 936, 938 (Tex. App.—Fort Worth 1997, pet. denied). Should the court decide not to hold a fact hearing, dismissal of the suit is proper only if the claim has no arguable basis in law; we review such a determination de novo. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

We review the trial court's dismissal of Armenta's suit under an abuse of discretion standard. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex. App.—Houston [1st Dist.] 2000, no pet.). A

4

trial court abuses its discretion only if it acts without reference to any guiding rules or principles. *Hickman*, 35 S.W.3d at 123.

**Armenta's Petition**

Armenta's petition in the trial court was based on alleged causes of action stemming from (1) the claim by Armenta that the TDCJ had taken some of Armenta's private property from him, (2) Armenta's claim that the quantity and quality of the food served by the TDCJ was inadequate, and (3) a claim by Armenta that he had sustained an injury when the TDCJ employees sprayed him with some form of "chemical agents" when he was engaged in a fight with another inmate. As will be discussed below, the trial court was compelled to dismiss Armenta's claims that were based on his complaints about the alleged loss of property and the food. However, it appears that one claim (i.e., the claim that the TDCJ's use of chemical agents sprayed on Armenta had caused him injury) may have been brought in a timely manner.

**Exhaustion of Administrative Remedies**

Armenta's suit was filed December 26, 2008, with the district clerk. The certificate of service attached to the petition states that he placed the petition in the prison mail room December 18, 2008. A pro se inmate's petition, placed in a properly addressed and stamped envelope or wrapper, is deemed to have been filed at the moment prison authorities receive the document for filing. *Warner v. Glass*, 135 S.W.3d 681, 682 (Tex. 2004).

The suit's allegations were based on complaints in five sets of grievances Armenta filed. In all but one of these grievances, Armenta received written notice of the TDCJ's decision well in excess of thirty-one days prior to filing his petition. Here are the grievances, identified by their internal identification numbers, the general nature of the complaint, and the date upon which the TDCJ tendered written notice of its decision:

| *Grievance Number* | *Subject of Grievance* | *Date of TDCJ Response* |
|---|---|---|
| 2007028724 | inadequate portions and amount of food | No step 2; Step 1 returned Nov. 27, 2006 |
| 2007217478 | inadequate portions and amount of food | Nov. 9, 2007 |
| 2008163118 | inadequate portions and amount of food | Aug. 7, 2008 |
| 2009007488 | confiscation of personal property | Nov. 12, 2008 |
| 2009018843 | use of chemical agents | Dec. 4, 2008 |

Except for the last grievance mentioned above (i.e., number 2009018843), all of Armenta's grievances were finalized in the administrative process by the TDCJ's response more than thirty-one days before suit was filed. The clear language of Section 14.005(b) required the trial court to dismiss that portion of Armenta's suit which did not comply with the thirty-one-day deadline. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *Garrett v. Nunn*, 275 S.W.3d 604, 607 (Tex. App.—Amarillo 2008, no pet.). The trial court did not abuse its discretion in dismissing Armenta's suit to the extent it was based on the first four grievances. *Garrett*, 275 S.W.3d at 607.

**Was Grievance Concerning Use of Chemical Agents Timely Filed?**

Grievance number 2009018843 was based on conduct that occurred on April 21, 2008. In his petition and his grievance form, Armenta maintained that he engaged in a fight with another inmate on April 21, 2008. His grievance petition alleges that the TDCJ guards or employees sprayed Armenta with chemical agents during that altercation and that he suffered ill physical effects from the chemicals that were administered him at that time. In his original petition filed in his suit, Armenta said he was taken to the infirmary on seven occasions between late April and June 24, 2008, and on the latter date, the prison doctor "concluded of the chest and respiratory problem [were] caused by the chemical agents used." On June 26, Armenta was administered an electrocardiogram (EKG) test. In the text of his administrative grievance, Armenta claims that he received no response to his alleged June 24 grievance filing and that his September 21, 2008, filing was not a new grievance but, rather, a refiling of the grievance he had originally filed June 24. The form reflects that this was received by TDCJ October 1. An answer to Armenta's Step 2 form for this grievance was dated December 4, 2008. TDCJ claims this grievance was untimely, maintaining that it was required to have been filed within fifteen days of April 21, 2008. However, Armenta's pleadings and grievance form indicate he did not suspect or discover an alleged causal relationship between the April 21 spraying of chemical agents and his subsequent symptoms until June 24. In his response to TDCJ's motion to dismiss, Armenta said,

> after Plaintiff got sprayed [with] chemical agents he did not know what physical damages the chemical agents had caused until the examinations were taken: blood test, urine test, X-rays and EKG, and then diagnosed with high blood pressure and

7

respiratory problems. He could not have complaint [sic] about any physical/ personal injury/damages of his organs within 15 days follow[ing] the use of force.

Armenta then reasserted his claim that he filed a grievance on June 24, but did not receive a response. Accepting as true the factual allegations in Armenta's petition,[2] Armenta made at least a prima facie showing that he had complied with the requirements of the Offender Handbook and the Texas Civil Practice and Remedies and Government Codes. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004).

The TDCJ answers Armenta's claim that he filed a grievance on June 24 by responding that there is no proof of this alleged June 24 grievance filing in Armenta's inmate file. Despite this position, Armenta's inmate file is not part of the record presented to this Court and does not, therefore, rise above the position of allegation. Due to the fact that the trial court held no hearing and did not make findings of fact, Armenta's prima facie proffer remained unrebutted.

The TDCJ takes the position that the trial court did not err in dismissing Armenta's suit as frivolous. The TDCJ points to Armenta's medical record, which reflects that a chest X-ray dated June 26, 2008, bears the notation "normal." The TDCJ also states, "prior to being sprayed with a chemical agent on April 21, 2008, it is evident from Appellant's medical record that he suffered from hypertension." Armenta's medical record includes notes from January, November, and December 2007, where his blood pressure was noted as 169/88, 143/85, and 139/87, respectively. We do not find this makes it "evident" that Armenta did not suffer from hypertension after his

---

[2] *Nixon v. Mr. Prop. Mgmt. Co*., 690 S.W.2d 546, 549 (Tex. 1985); *Harrison v. Tex. Dep't of Criminal Justice–Institutional Div.*, 915 S.W.2d 882, 888 (Tex. App.—Houston [1st Dist.] 1995, no writ).

exposure to the chemical agents of a level equal to or greater than the hypertension he suffered prior to his exposure to the chemical agents. Even if Armenta did have pre-existing hypertension, these medical notes do not disprove his allegations in his petition.

The trial court's dismissal order only cites "Chapter 14 of the Texas Civil Practice [and] Remedies Code" as the basis or authority for dismissing Armenta's claims with prejudice and does not state that the court found no basis in law or fact for the suit. No hearing was held before the trial court dismissed Armenta's suit. When no fact hearing is held by the trial court, we may affirm the dismissal on any of the grounds presented in the motion to dismiss. *See Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). When a trial court does not hold a hearing on a motion to dismiss, it may not dismiss a cause of action on the ground that it has no arguable basis in fact. *Gordon v. Scott*, 6 S.W.3d 365 (Tex. App.—Beaumont 1999, pet. denied); *see Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). In that situation, the issue is necessarily whether the trial court properly determined there was no arguable basis in law for the suit. *Gordon*, 6 S.W.3d at 369; *Lentworth*, 981 S.W.2d at 722. To determine whether the trial court properly decided that there was no arguable basis in law for the suit, we examine the types of relief and causes of action sought by the petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Gordon*, 6 S.W.3d at 369; *Lentworth*, 981 S.W.2d at 722. In reviewing the dismissal, we must take as being true the allegations in the original petition.

9

*Gordon*, 6 S.W.3d at 369; *Lentworth*, 981 S.W.2d at 722; *see Harrison*, 915 S.W.2d at 888. Further, "we review and evaluate pro se pleadings with liberality and patience," but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied).[3]

In Armenta's case, the trial court did not state its reason for dismissing the suit; as such, there was no finding contained in the dismissal that there was no basis in fact or in law for the lawsuit. Upon our review of the record, we conclude that Armenta's allegations established a minimal prima facie showing that he had sufficiently exhausted his remedies under the TDCJ grievance procedure and, therefore, his lawsuit was timely filed. Armenta alleges that he failed to discover any causal connection between the April 21 use of chemical agents and the respiratory symptoms he later experienced until his doctor's visit on June 24; he further alleges that he promptly filed a grievance to which he received no response. The trial court erred in dismissing this portion of Armenta's suit without first conducting a hearing to ascertain the facts around Armenta's purported filing of a grievance on June 24.

**Motions for Discovery**

Armenta's second point of error claims that the trial court erred in not having ruled on various motions filed by him, including motions for physical examination, to compel discovery, to

---

[3]The Federal Rules of Civil Procedure employ the term "less stringent standard" under similar circumstances. FED. R. CIV. P. 12. This phraseology has also been employed by some Texas courts. *Gordon v. Scott*, 6 S.W.3d 365 (Tex. App.—Beaumont 1999, pet. denied); *see Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

compel a nonparty to produce documents, to make admissions, and to respond to interrogatories. Armenta also claims that the trial court committed error in not appointing counsel to represent him.

As to any purported request for the appointment of counsel, although Armenta maintains in his brief that he filed a motion for appointed counsel December 7, 2009, we do not find such a request anywhere in the court record. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling. *See* TEX. R. APP. P. 33.1(a); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992). Should a party fail to do this, error is not preserved and the complaint is waived. *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991). Even if Armenta had requested appointment of counsel, an indigent inmate does not have an absolute right to appointed counsel in a civil case merely because the inmate's suit is against an employee of the prison in which the inmate is incarcerated. *Gibson v. Tolbert*, 102 S.W.3d 710, 711 (Tex. 2003). The decision to appoint counsel for such an inmate is a matter for the trial court's discretion. *Id.* at 712–13. We do not find that the court abused its discretion.

As for Armenta's various attempts to engage in discovery, where a motion to dismiss citing Section 14.003 has been filed, a trial court is commanded to suspend discovery in the case. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(d). Armenta filed his various requests for discovery between December 22, 2009 and January 5, 2010. The TDCJ filed its motion to dismiss on

11

January 25, 2010. There was no abuse of discretion in not ordering discovery to be discontinued in light of TDCJ's motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(d).

**Third Point of Error**

Armenta claims in his third point of error that the trial court abused its discretion in not granting a default judgment in his favor, in not granting him leave to amend his complaint, and in having granted the TDCJ's request to seal Armenta's medical record.[4]

The TDCJ filed a motion in the trial court to seal Armenta's medical records, pointing out the records contained "[p]ersonal identifying medical information." This is an entirely reasonable request by the prison unit, which could possibly be exposed to liability if personal medical information on any person in the prison's charge were to be released to the public. *See generally* 45 C.F.R. §§ 164.500–.534 (2010). This action of sealing the medical records would tend to benefit (not hinder) Armenta. We fail to comprehend how the act of sealing Armenta's medical records would impede Armenta's access to his own records.

Next, Armenta claims that the trial court erred in denying Armenta's request to amend his complaint. Armenta filed a motion to amend his complaint May 21, 2009; the motion dismissed two defendants. He filed another motion to amend on August 14, 2009, alleging negligence on

---

[4]This point of error, like Armenta's second, is arguably multifarious; but in the interest of justice, we address his complaints as best we can. *See Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 157 n.1 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (a point of error addressing more than one specific ground of error is multifarious); *City of San Antonio v. Rodriguez*, 856 S.W.2d 552, 555 n.2 (Tex. App.—San Antonio 1993, writ denied). If a court concludes that a point of error is multifarious, it may refuse to review it, or it may consider the point of error if it can determine with reasonable certainty the error about which the complaint is made. *Bell*, 962 S.W.2d at 157 n.1.

12

the part of another TDCJ correctional officer. On December 17, 2009, Armenta filed another motion to amend his complaint; this motion included substantial argument and citations to authority in support of Armenta's cause of action relating to his having been sprayed with chemical agents. The record does not reflect that there was any indication that the trial court denied any of Armenta's motions. Armenta has no unfavorable ruling to appeal. *See generally* TEX. R. APP. P. 33.1(a).

Armenta complains that the trial court erred in not granting him a default judgment. Armenta did not request the entry of a default judgment until February 4, 2010, after the TDCJ had filed its motion to dismiss. As an appearance had been made and there was a pending motion to dismiss, we cannot say the trial court abused its discretion in not issuing a default judgment. *See Resurgence Fin., LLC v. Taylor*, 295 S.W.3d 429, 432 (Tex. App.—Dallas 2009, pet. filed) (denial of motion for default judgment reviewed for abuse of discretion).

**Fourth Point of Error**

In his fourth point of error, Armenta complains that the trial court should have granted his request for a temporary restraining order and injunction. Armenta had requested the trial court to issue orders precluding the TDCJ from tampering with Armenta's mail and to compel the TDCJ to provide sufficient amounts of food. There was nothing in the record indicating the TDCJ had unlawfully tampered with Armenta's mail or was poised to do so. In its responses to Armenta's grievances, the TDCJ stated that the food portions given to inmates complied with the applicable

13

Unit Food Service Department requirements. Also, as with his complaint about his motions to amend his complaint, there is nothing to indicate the trial court denied Armenta's motion. Further, there is nothing in the record in the way of evidence showing Armenta to be entitled to injunctive relief.[5]

As to the complaints concerning the sufficiency and quality of food provided Armenta and pertaining to the alleged deprivation of Armenta's rights to personal property, we affirm the judgment of the trial court.

As relates to the question of injury to Armenta from the use of chemical agents, the allegations as contained in Armenta's court petition and the motion to dismiss filed by the TDCJ can lead to more than a single result. From the record before it, the trial court could not determine as a matter of law that Armenta did not comply with the required administrative remedies. Thus, this Court is confronted with conflicting allegations about whether (1) Armenta knew or should have known of his alleged injuries on April 21, 2008 (the date the chemical agents were sprayed on him), or whether he discovered his alleged injuries on June 24, 2008 (the date he alleges that the physician told him that the chemical agents occasioned injuries to him), or (2) whether Armenta did actually file a grievance on June 26, 2008, with regard to his alleged injuries occasioned by the chemical agents on June 24, 2008. From such a factual determination, the trial court should be

---

[5]Injunctive relief may only be granted on a showing of (1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law. *Beathard Joint Venture v. W. Houston Airport Corp.*, 72 S.W.3d 426, 432 (Tex. App.—Texarkana 2002, no pet.); *Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

14

able to determine whether Armenta has complied with the required administrative remedies and whether his cause of action is permitted to proceed, or whether it should be dismissed pursuant to any applicable portion of Chapter 14 of the Texas Civil Practice and Remedies Code.

We affirm in part, and reverse and remand this matter to the trial court for further proceedings consistent with this opinion.


Bailey C. Moseley
Justice

Date Submitted:     July 2, 2010
Date Decided:        August 12, 2010