In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00016-CV

                                                ______________________________

 

 

                                    CARLOS A. ARMENTA,
Appellant

 

                                                                V.

 

                                             TDCJ, ET AL., Appellees

 

 

                                                                                                  


 

 

                                      On Appeal from the 202nd
Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 08C1870-202

 

                                                    
                                              

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            After
Carlos A. Armenta, an inmate, filed suit in district court against several
defendants (all employees of the Texas Department of Criminal Justice (TDCJ)),
the suit was dismissed without a hearing. 
In his appeal of that order of dismissal, Armenta asserts four points of
error, each alleging various abuses of discretion by the trial court.  Armenta’s suit alleged that the various
defendants had deprived Armenta of property, that the TDCJ failed to adequately
feed him, and that the defendants had caused injury to his person when he was
sprayed with chemical agents while Armenta had been engaged in a fight with
another prisoner.   

            We
affirm the judgment of the trial court in part, and reverse and remand to the
trial court in part for further proceedings.

Sections 14.001 –14.014 of the Texas Civil Practice and Remedies Code

            A
TDCJ inmate who files a suit while claiming indigency must comply with the
procedures set out in Chapter 14 of the Texas Civil Practice and Remedies
Code.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon 2002).  An inmate may only file a claim in state
court regarding operative facts for which the TDCJ grievance system provides
the exclusive administrative remedy after the inmate has received written
decision issued by the highest authority provided for in the grievance system
(or the 180th day after the date the grievance is filed, if the inmate has not
received a written decision within that time period).  Tex.
Gov’t Code Ann. § 501.008(d) (Vernon 2004).  An inmate who files a claim that is also
subject to the grievance system must file an affidavit or unsworn statement
which identifies the date a grievance was filed and the date a written decision
was received, together with a copy of the written decision, if any.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(a).  If a lawsuit is filed later than thirty-one days
after the inmate’s receipt of a final decision rendered as a result of the grievance
system process, the trial court must dismiss the suit.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b); Smith v. Tex. Dep’t of Criminal Justice–Institutional Div., 33
S.W.3d 338, 340 (Tex. App.––Texarkana 2000, pet. denied).

            The
procedures for availing oneself of the grievance system are set out in the Offender Orientation Handbook[1]
published by the TDCJ.

The administrative grievance process established
by TDCJ begins with an informal attempt to resolve the problem.  If the informal attempt is unsuccessful, two
steps follow.  The inmate has fifteen
days from the grievable event to forward a step one grievance form to the unit
grievance investigator.  If unsatisfied
with the step one decision, the inmate may appeal by submitting a step two form
to the unit grievance investigator within fifteen days of the step one
response.

 

Hamilton v. Williams, 298 S.W.3d 334, 342–43 (Tex. App.––Fort Worth
2009, pet. filed) (citing Offender
Orientation Handbook 52).  Under the
administrative process, Armenta was required to initiate the grievance process
within fifteen days of the occurrence of each of the events of which he
complained.  Finding dissatisfaction with
the TDCJ’s resolution of any of his grievances under the administrative
process, he was required to then file suit within thirty-one days of receiving
written notice of the grievance’s resolution. 
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(b).  

            Chapter
14 of the Texas Civil Practice and Remedies Code applies to litigation brought
by an inmate who seeks to proceed as a pauper, either through an affidavit or
an unsworn declaration of his inability to pay costs.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(a).  In such a case, the trial court may dismiss a
claim at any time if the court finds that the claim is frivolous or malicious.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2).  In deciding whether an inmate’s claim is
frivolous, the trial court may consider the inmate’s realistic chance of
ultimate success, whether the claim has an arguable basis in law or fact,
whether the facts the inmate must prove in order to support his claim are
capable of proof by the inmate, and whether the claim is substantially similar
to and arises from the same facts as another claim already brought by the
inmate.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b).  A hearing on a motion to dismiss an inmate’s
claims as frivolous is not mandatory and the decision to conduct such a hearing
is left to the trial court’s discretion.  Thomas
v. Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.––Fort Worth 1997,
pet. denied).  Should the court decide
not to hold a fact hearing, dismissal of the suit is proper only if the claim
has no arguable basis in law; we review such a determination de novo.  Retzlaff
v. Tex. Dep’t of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.––Houston
[14th Dist.] 2002, pet. denied).

            We
review the trial court’s dismissal of Armenta’s suit under an abuse of
discretion standard.  Hickman v. Adams, 35 S.W.3d 120, 123
(Tex. App.––Houston [14th Dist.] 2000, no pet.); Samuels v. Strain, 11 S.W.3d 404, 406 (Tex. App.––Houston [1st
Dist.] 2000, no pet.).  A trial court
abuses its discretion only if it acts without reference to any guiding rules or
principles.  Hickman, 35 S.W.3d at 123.

Armenta’s Petition 

            Armenta’s petition in the trial
court was based on alleged causes of action stemming from (1) the claim by
Armenta that the TDCJ had taken some of Armenta’s private property from him,
(2) Armenta’s claim that the quantity and quality of the food served by the
TDCJ was inadequate, and (3) a claim by Armenta that he had sustained an injury
when the TDCJ employees sprayed him with some form of “chemical agents” when he
was engaged in a fight with another inmate. 
As will be discussed below, the trial court was compelled to dismiss
Armenta’s claims that were based on his complaints about the alleged loss of
property and the food.  However, it
appears that one claim (i.e., the claim that the TDCJ’s use of chemical agents
sprayed on Armenta had caused him injury) may have been brought in a timely
manner.

Exhaustion of Administrative Remedies 

            Armenta’s
suit was filed December 26, 2008, with the district clerk.  The certificate of service attached to the
petition states that he placed the petition in the prison mail room December 18,
2008.  A pro se inmate’s petition, placed
in a properly addressed and stamped envelope or wrapper, is deemed to have been
filed at the moment prison authorities receive the document for filing.  Warner
v. Glass, 135 S.W.3d 681, 682 (Tex. 2004). 

            The
suit’s allegations were based on complaints in five sets of grievances Armenta
filed.  In all but one of these
grievances, Armenta received written notice of the TDCJ’s decision well in
excess of thirty-one days prior to filing his petition.  Here are the grievances, identified by their
internal identification numbers, the general nature of the complaint, and the
date upon which the TDCJ tendered written notice of its decision:

Grievance Number             Subject of Grievance                 Date of TDCJ Response


 
 
 2007028724 
  
 
 
 inadequate
 portions and amount of food
 
 
 No step 2; Step 1
 returned Nov. 27, 2006  
 
 
 
 
 2007217478
 
 
 inadequate
 portions and amount of food
 
 
 Nov. 9, 2007    
 
 
 
 
 2008163118
 
 
 inadequate
 portions and amount of food
 
 
 Aug. 7, 2008  
 
 
 
 
 2009007488
 
 
 confiscation of
 personal property
 
 
 Nov. 12, 2008 
 
 
 
 
 2009018843
 
 
 use of chemical
 agents
 
 
 Dec. 4, 2008 
 
 


 

            Except
for the last grievance mentioned above (i.e., number 2009018843), all of
Armenta’s grievances were finalized in the administrative process by the TDCJ’s
response more than thirty-one days before suit was filed.  The clear language of Section 14.005(b)
required the trial court to dismiss that portion of Armenta’s suit which did
not comply with the thirty-one-day deadline. 
Tex. Civ. Prac. & Rem. Code
Ann. § 14.005(b); Garrett v. Nunn,
275 S.W.3d 604, 607 (Tex. App.––Amarillo 2008, no pet.).  The trial court did not abuse its discretion
in dismissing Armenta’s suit to the extent it was based on the first four
grievances.  Garrett, 275 S.W.3d at 607.

Was Grievance Concerning Use of Chemical Agents Timely Filed? 

            Grievance
number 2009018843 was based on conduct that occurred on April 21, 2008.  In his petition and his grievance form,
Armenta maintained that he engaged in a fight with another inmate on April 21,
2008.  His grievance petition alleges
that the TDCJ guards or employees sprayed Armenta with chemical agents during
that altercation and that he suffered ill physical effects from the chemicals
that were administered him at that time. 
In his original petition filed in his suit, Armenta said he was taken to
the infirmary on seven occasions between late April and June 24, 2008, and on
the latter date, the prison doctor “concluded of the chest and respiratory
problem [were] caused by the chemical agents used.”  On June 26, Armenta was administered an
electrocardiogram (EKG) test.  In the
text of his administrative grievance, Armenta claims that he received no
response to his alleged June 24 grievance filing and that his September 21,
2008, filing was not a new grievance but, rather, a refiling of the grievance
he had originally filed June 24.  The
form reflects that this was received by TDCJ October 1.  An answer to Armenta’s Step 2 form for this
grievance was dated December 4, 2008. 
TDCJ claims this grievance was untimely, maintaining that it was
required to have been filed within fifteen days of April 21, 2008.  However, Armenta’s pleadings and grievance
form indicate he did not suspect or discover an alleged causal relationship
between the April 21 spraying of chemical agents and his subsequent symptoms
until June 24.  In his response to TDCJ’s
motion to dismiss, Armenta said, 

after Plaintiff got sprayed [with] chemical agents
he did not know what physical damages the chemical agents had caused until the
examinations were taken:  blood test,
urine test, X-rays and EKG, and then diagnosed with high blood pressure and
respiratory problems.  He could not have
complaint [sic] about any physical/ personal injury/damages of his organs
within 15 days follow[ing] the use of force. 


 

Armenta then reasserted his claim
that he filed a grievance on June 24, but did not receive a response.  Accepting as true the factual allegations in
Armenta’s petition,[2]
Armenta made at least a prima facie showing that he had complied with the
requirements of the Offender Handbook and the Texas Civil Practice and Remedies
and Government Codes.  See generally Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b); Tex. Gov’t Code Ann. § 501.008 (Vernon 2004).

            The
TDCJ answers Armenta’s claim that he filed a grievance on June 24 by responding
that there is no proof of this alleged June 24 grievance filing in Armenta’s
inmate file.  Despite this position,
Armenta’s inmate file is not part of the record presented to this Court and
does not, therefore, rise above the position of allegation.  Due to the fact that the trial court held no
hearing and did not make findings of fact, Armenta’s prima facie proffer
remained unrebutted.   

            The
TDCJ takes the position that the trial court did not err in dismissing Armenta’s
suit as frivolous.  The TDCJ points to
Armenta’s medical record, which reflects that a chest X-ray dated June 26, 2008,
bears the notation “normal.”  The TDCJ also
states, “prior to being sprayed with a chemical agent on April 21, 2008, it is
evident from Appellant’s medical record that he suffered from hypertension.”  Armenta’s medical record includes notes from
January, November, and December 2007, where his blood pressure was noted as
169/88, 143/85, and 139/87, respectively. 
We do not find this makes it “evident” that Armenta did not suffer from
hypertension after his exposure to the chemical agents of a level equal to or
greater than the hypertension he suffered prior to his exposure to the chemical
agents.  Even if Armenta did have pre-existing
hypertension, these medical notes do not disprove his allegations in his
petition. 

            The
trial court’s dismissal order only cites “Chapter 14 of the Texas Civil Practice
[and] Remedies Code” as the basis or authority for dismissing Armenta’s claims
with prejudice and does not state that the court found no basis in law or fact
for the suit.  No hearing was held before
the trial court dismissed Armenta’s suit.  When no fact hearing is held by the trial
court, we may affirm the dismissal on any of the grounds presented in the
motion to dismiss.  See Retzlaff v. Tex. Dep’t of
Criminal Justice, 94 S.W.3d 650 (Tex. App.––Houston [14th Dist.] 2002, pet.
denied).  When a trial court does not
hold a hearing on a motion to dismiss, it may not dismiss a cause of action on
the ground that it has no arguable basis in fact.  Gordon
v. Scott, 6 S.W.3d 365 (Tex. App.—Beaumont 1999, pet. denied); see Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no
pet.).  In that situation, the issue is
necessarily whether the trial court properly determined there was no arguable
basis in law for the suit.  Gordon, 6 S.W.3d at 369; Lentworth, 981 S.W.2d at 722.  To determine whether the trial court properly
decided that there was no arguable basis in law for the suit, we examine the
types of relief and causes of action sought by the petition to determine
whether, as a matter of law, the petition stated a cause of action that would
authorize relief.  Gordon, 6 S.W.3d at 369; Lentworth,
981 S.W.2d at 722.  In reviewing the
dismissal, we must take as being true the allegations in the original
petition.  Gordon, 6 S.W.3d at 369; Lentworth,
981 S.W.2d at 722; see Harrison, 915 S.W.2d at 888.  Further, “we review and evaluate pro se
pleadings with liberality and patience,” but otherwise apply the same standards
applicable to pleadings drafted by lawyers. 
Foster v. Williams, 74 S.W.3d
200, 202 n.1 (Tex. App.––Texarkana 2002, pet. denied).[3]

            In
Armenta’s case, the trial court did not state its reason for dismissing the
suit; as such, there was no finding contained in the dismissal that there was
no basis in fact or in law for the lawsuit. 
Upon our review of the record, we conclude that Armenta’s allegations
established a minimal prima facie showing that he had sufficiently exhausted
his remedies under the TDCJ grievance procedure and, therefore, his lawsuit was
timely filed.  Armenta alleges that he
failed to discover any causal connection between the April 21 use of chemical
agents and the respiratory symptoms he later experienced until his doctor’s
visit on June 24; he further alleges that he promptly filed a grievance to
which he received no response.  The trial
court erred in dismissing this portion of Armenta’s suit without first
conducting a hearing to ascertain the facts around Armenta’s purported filing
of a grievance on June 24. 

Motions for Discovery

            Armenta’s
second point of error claims that the trial court erred in not having ruled on
various motions filed by him, including motions for physical examination, to
compel discovery, to compel a nonparty to produce documents, to make
admissions, and to respond to interrogatories.  Armenta also claims that the trial court
committed error in not appointing counsel to represent him.

            As
to any purported request for the appointment of counsel, although Armenta
maintains in his brief that he filed a motion for appointed counsel December 7,
2009, we do not find such a request anywhere in the court record.  To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling.  See Tex. R. App. P. 33.1(a); State Dep’t of Highways & Pub. Transp.
v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). 
Should a party fail to do this, error is not preserved and the complaint
is waived.  See Bushell v. Dean, 803
S.W.2d 711, 712 (Tex. 1991).  Even if
Armenta had requested appointment of counsel, an indigent inmate does not have
an absolute right to appointed counsel in a civil case merely because the
inmate’s suit is against an employee of the prison in which the inmate is
incarcerated.  Gibson v. Tolbert, 102 S.W.3d 710, 711 (Tex. 2003).  The decision to appoint counsel for such an
inmate is a matter for the trial court’s discretion.  Id.
at 712–13.  We do not find that the court
abused its discretion.

            As
for Armenta’s various attempts to engage in discovery, where a motion to
dismiss citing Section 14.003 has been filed, a trial court is commanded to
suspend discovery in the case.  Tex. Civ. Prac. & Rem. Code Ann. §
14.003(d).  Armenta filed his various
requests for discovery between December 22, 2009 and January 5, 2010.  The TDCJ filed its motion to dismiss on
January 25, 2010.  There was no
abuse of discretion in not ordering discovery to be discontinued in light of
TDCJ’s motion to dismiss.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(d).

Third Point of Error

            Armenta claims in his third point of
error that the trial court abused its discretion in not granting a default
judgment in his favor, in not granting him leave to amend his complaint, and in
having granted the TDCJ’s request to seal Armenta’s medical record.[4]  

            The
TDCJ filed a motion in the trial court to seal Armenta’s medical records,
pointing out the records contained “[p]ersonal identifying medical information.”  This is an entirely reasonable request by the
prison unit, which could possibly be exposed to liability if personal medical
information on any person in the prison’s charge were to be released to the
public.  See generally 45 C.F.R. §§ 164.500–.534 (2010).  This action of sealing the medical records
would tend to benefit (not hinder) Armenta.  We fail to comprehend how the act of sealing
Armenta’s medical records would impede Armenta’s access to his own
records.    

            Next,
Armenta claims that the trial court erred in denying Armenta’s request to amend
his complaint.  Armenta filed a motion to
amend his complaint May 21, 2009; the motion dismissed two defendants.  He filed another motion to amend on August
14, 2009, alleging negligence on the part of another TDCJ correctional
officer.  On December 17, 2009, Armenta
filed another motion to amend his complaint; this motion included substantial
argument and citations to authority in support of Armenta’s cause of action
relating to his having been sprayed with chemical agents.  The record does not reflect that there was any
indication that the trial court denied any of Armenta’s motions.  Armenta has no unfavorable ruling to appeal.  See
generally Tex. R. App. P.
33.1(a).  

            Armenta
complains that the trial court erred in not granting him a default
judgment.  Armenta did not request the
entry of a default judgment until February 4, 2010, after the TDCJ had filed
its motion to dismiss.  As an appearance
had been made and there was a pending motion to dismiss, we cannot say the
trial court abused its discretion in not issuing a default judgment.  See
Resurgence Fin., LLC v. Taylor, 295
S.W.3d 429, 432 (Tex. App.––Dallas 2009, pet. filed) (denial of motion for
default judgment reviewed for abuse of discretion).  

Fourth Point of Error

            In
his fourth point of error, Armenta complains that the trial court should have
granted his request for a temporary restraining order and injunction.  Armenta had requested the trial court to
issue orders precluding the TDCJ from tampering with Armenta’s mail and to
compel the TDCJ to provide sufficient amounts of food.  There was nothing in the record indicating the
TDCJ had unlawfully tampered with Armenta’s mail or was poised to do so.  In its responses to Armenta’s grievances, the TDCJ
stated that the food portions given to inmates complied with the applicable
Unit Food Service Department requirements. 
Also, as with his complaint about his motions to amend his complaint,
there is nothing to indicate the trial court denied Armenta’s motion.  Further, there is nothing in the record in
the way of evidence showing Armenta to be entitled to injunctive relief.[5]   

            As
to the complaints concerning the sufficiency and quality of food provided
Armenta and pertaining to the alleged deprivation of Armenta’s rights to
personal property, we affirm the judgment of the trial court. 

            As
relates to the question of injury to Armenta from the use of chemical agents,
the allegations as contained in Armenta’s court petition and the motion to
dismiss filed by the TDCJ can lead to more than a single result.  From the record before it, the trial court
could not determine as a matter of law that Armenta did not comply with the
required administrative remedies.  Thus,
this Court is confronted with conflicting allegations about whether (1) Armenta
knew or should have known of his alleged injuries on April 21, 2008 (the date
the chemical agents were sprayed on him), or whether he discovered his alleged
injuries on June 24, 2008 (the date he alleges that the physician told him that
the chemical agents occasioned injuries to him), or (2) whether Armenta did
actually file a grievance on June 26, 2008, with regard to his alleged injuries
occasioned by the chemical agents on June 24, 2008.  From such a factual determination, the trial
court should be able to determine whether Armenta has complied with the
required administrative remedies and whether his cause of action is permitted
to proceed, or whether it should be dismissed pursuant to any applicable
portion of Chapter 14 of the Texas Civil Practice and Remedies Code. 

            We
affirm in part, and reverse and remand this matter to the trial court for
further proceedings consistent with this opinion. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July 2, 2010

Date Decided:             August 12, 2010











[1]Tex. Dep’t of Criminal Justice, Offender Orientation
Handbook 52 (rev. Nov. 2004), http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf.






[2]Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 549 (Tex. 1985); Harrison v. Tex.
Dep’t of Criminal Justice–Institutional Div., 915 S.W.2d 882, 888 (Tex.
App.––Houston [1st Dist.] 1995, no writ).





[3]The
Federal Rules of Civil Procedure employ the term “less stringent standard”
under similar circumstances.  Fed. R. Civ. P. 12.  This phraseology has also been
employed by some Texas courts.  Gordon v. Scott, 6 S.W.3d 365 (Tex.
App.––Beaumont 1999, pet. denied); see
Minix v. Gonzales, 162 S.W.3d 635,
637 (Tex. App.––Houston [14th Dist.] 2005, no pet.); Thomas v. Collins, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st
Dist.] 1993, writ denied).





[4]This
point of error, like Armenta’s second, is arguably multifarious; but in the
interest of justice, we address his complaints as best we can.  See
Bell v. Tex. Dep’t of Criminal Justice–Institutional
Div., 962 S.W.2d 156, 157 n.1 (Tex. App.—Houston [14th Dist.] 1998, pet.
denied) (a point of error addressing more than one specific ground of error is
multifarious); City of San Antonio v.
Rodriguez, 856 S.W.2d 552, 555 n.2 (Tex. App.—San Antonio 1993, writ
denied).  If a court concludes that a
point of error is multifarious, it may refuse to review it, or it may consider
the point of error if it can determine with reasonable certainty the error about
which the complaint is made.  Bell, 962 S.W.2d at 157 n.1.





[5]Injunctive
relief may only be granted on a showing of (1) the existence of a wrongful act;
(2) the existence of imminent harm; (3) the existence of irreparable injury;
and (4) the absence of an adequate remedy at law.  Beathard
Joint Venture v. W. Houston Airport Corp., 72 S.W.3d 426, 432 (Tex. App.––Texarkana
2002, no pet.); Jim Rutherford Invs.,
Inc. v. Terramar Beach Cmty. Ass’n, 25 S.W.3d 845, 849 (Tex. App.––Houston
[14th Dist.] 2000, pet. denied).